### BAKER vs. VOORHIES.

The party
who takes a
deposition
must see that
the interro-
gatories of his
opponent be
answered.
The clause
in a private
bill of sale,
by which the
vendor ack-

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The petition states that the plaintiff sold to Woods, a slave, by a private writing, on which he acknowledged the receipt of the price, although it was not paid; that the vendor

is dead, and the defendant, curator of his estate, Western Dis.
October, 1827
is about to sell the slave for cash, contrary to
law. The prayer is, that the plaintiff may have BAKER
vs.
VOORHIES.
judgment for the price, and that the defendant
may be enjoined from selling the slave for cash.

The defendant pleaded the general issue;
that the injunction was asked, merely to create
delay.

The injunction was dissolved, the defend-
ant had judgment, and the plaintiff appealed.

The defendant's counsel relies on a bill of
exceptions taken to the opinion of the court of
probates, who refused leave to read the deposi-
tion of his witnesses, taken by commission and
on interrogatories, on the objection of the de-
fendant and appellee, that his interrogatories,
added to those of the plaintiff, were not an-
swered.

It is urged, if a defendant withhold the ans-
wers to his interrogatories, or otherwise pre-
vent their appearance, or if the magistrate is in
fault, the plaintiff ought not to suffer. It is true,
that if it be through the act of the defendant,
that the answers to his interrogatories do not
come up, the plaintiff ought not to suffer; but
the plaintiff should shew the interference of the
defendant, if he wishes to avail himself of it.

Western Dis.
Oct. 1827.

BAKER
vs.
VOORHIES.

This is not done in the present case. It appears the defendant added his interrogatories to the plaintiff's; this is all that he was bound to do. The plaintiff was then to have the commissions *duly* executed and returned. If it be not so, the depositions cannot be read, for the reading of them would do injury to the defendant, who is in no fault; the plaintiff who undertook to procure testimony, must suffer the consequence if by accident or otherwise, the testimony does not arrive in such a plight as to be used. The testimony was therefore correctly rejected.

On the merits, the plaintiff has admitted, in the bill of sale he received the price. The bill is posterior in date, to the promulgation of the new civil code, which provides that "the acknowledgment of payment made in an *authentic* act, cannot be contested under the pretence of the exception *de non numerata pecunia*, which is hereby *abolished*," 2234,

It is contended that the first branch of the article relating to *authentic* acts only, the latter must be confined to cases in which there is such an act; otherwise the adjective *authentic* has no meaning; to this it may be answered, that if the exception be abolished, in cases of authentic acts, the whole of the last branch of

the article is without use, for in the first branch, the legislator had *virtually* though impliedly abolished the exception.

Farther, the bill of sale being acknowledged, has, between the parties, the *same* credit as an *authentic* act. Ib. 2239. To this act acknowledging the receipt of the price, and being entitled to the same credit as an authentic one, the acknowledgment in it cannot be contested.

But the injunction was claimed by the plaintiff, not only as creditor of the price, but as a creditor of other sums due by the estate; of this there was not a tittle of evidence produced.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the court of probates be affirmed, with costs.

*Boyce & Gorton* for the plaintiff, *Thomas* for the defendant.